**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREA KLEMKA,** | : **CIVIL ACTION** |
| **Plaintiff,** | : |
| | : **No.**   21-cv-2167 |
| **v.** | : |
| | : |
| | : |
| **HNL LAB MEDICINE, a/k/a and f/ka/** | : |
| **HEALTH NETWORK LABORATORIES L.P.,** | : |
| **HEALTH NETWORK LABORATORIES L.L.C.** | : |
| **JOSHUA KUBAT and JULIA BARTO,** | : |
| **Defendants.** | : **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.  PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Andrea Klemka (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant HNL Lab Medicine a/k/a and/or f/k/a Health Network Laboratories, L.P. (hereinafter "HNL"), who has been harmed by disability discrimination as well as other improper conduct by HNL and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA)[1].

## II.  JURISDICTION AND VENUE

1.    The original jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based

---

[1] Plaintiff has also filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission, and will be seeking to amend this Complaint once those claims have become ripe in September 2021.

on the Americans with Disabilities Act, 42 U.S.C. §12102, *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*.

2.      Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

3.      All conditions precedent to the institution of this suit have been fulfilled.  As to the Federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required.  On August 28, 2020, Plaintiff filed a Charge of Discrimination with the EEOC against HNL, alleging, *inter alia* age and disability-based employment discrimination.  On February 23, 2021, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

4.      This action has been filed within ninety (90) days of receipt of said Notice.

## III.  PARTIES

5.      Plaintiff, Andrea Klemka, is an adult female citizen, age 29,  and a citizen and resident of the Commonwealth of Pennsylvania.

6.      HNL Lab Medicine a/k/a and/or f/k/a Health Network Laboratories, L.P. is a medical laboratory providing testing and related services to physician offices, hospitals, long-term care facilities, employers and industrial accounts. HNL Lab Medicine has more than 60 locations throughout Pennsylvania and New Jersey, and generates more than 60 million clinical and anatomic pathology results for approximately 3 million patients and 12,000 healthcare providers each year.

7.      Health Network Laboratories, L.L.C. (HNL LLC) is a limited liability company organized and/or doing business under the laws of the Commonwealth of Pennsylvania in Allentown, Lehigh County, Pennsylvania.

8.     At all times material hereto, HNL LLC was the General Partner of HNL.

9.     As used herein, "HNL" refers to HNL LP and HNL LLC collectively, and individually as context may require.

10.    At all times material hereto, Joshua Kubat has been a resident and citizen of the Commonwealth of Pennsylvania, and has been employed by Defendant HNL as Human Resources Manager.  At all times relevant hereto, Kubat  was an agent, servant, workman and/or employee of HNL, acting and/or failing to act within the scope, course, and authority of his employment with her employer, HNL.  At all times relevant, Kubat was acting in his supervisory and/or personal capacity.

11.    At all times material hereto, Julia Barto has been a resident and citizen of the Commonwealth of Pennsylvania, and has been employed by Defendant HNL as Vice President of Human Resources.  At all times relevant hereto, Barto  was an agent, servant, workman and/or employee of HNL, acting and/or failing to act within the scope, course, and authority of her employment with her employer, HNL.  At all times relevant, Barto was acting in her supervisory and/or personal capacity.

12.     At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, the FMLA and the Pennsylvania Human Relations Act (PHRA)[2], and is protected by the provisions of the Acts.

13.    At all times relevant herein, HNL was an "employer" as defined by the ADA, FMLA and the PHRA, and is subject to the provisions of the Acts.

---

[2] Although Plaintiff exhausted her administrative remedies under the Pennsylvania Human Relations Act, less than one year has expired since the filing of the Charge on June 4, 2020, and therefore no claim is being made under the PHRA at this time.  Plaintiff intends to seek consent or leave of Court to file a Second Amended Complaint on or after August 28, 2021.

14.     At all times relevant hereto, HNL acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

15.     At all times material hereto, HNL employed more than fifteen employees.

16.     At all times material hereto, HNL employed more than fifty employees within a seventy-five mile radius of Plaintiff's work site.

## IV.  CAUSES OF ACTION

17. Plaintiff is a qualified person with a disability who is protected from disability-based discrimination and retaliation under the ADA and PHRA.

18. In addition, as set forth below, Plaintiff requested and utilized FMLA leave because of her own serious medical condition, and was entitled to, requested and utilized medical leave as a reasonable accommodation under the ADA and PHRA.

19. At all relevant times hereto, Plaintiff had been employed since 2014 by Defendant HNL as a "Medical Laboratory Technician" and performed her work and job duties in a proper and competent manner.

20. In the twelve month period preceding Plaintiff's request for Family and Medical Leave, she had worked more than 1250 hours, and had not used any Family Medical Leave.

21.     Plaintiff's supervisors, for purposes of this action, were Joshua Kubat (HR Director) and and Julia Barto (Vice President of Human Resources).

22.     Plaintiff was diagnosed at birth with a medical condition that is a disability as that term is defined by the ADA, as amended by the ADAAA, because it is a chronic

condition that substantially limits one or more major life activities.[3]

23.     On or about April 10, 2020, Plaintiff requested an ADA leave of absence/FMLA leave from HNL because her condition put her at higher risk of complications should she become infected with COVID-19.

24.     HNL, acting through Kubat and Barto, purported to grant Plaintiff's request for an ADA leave of absence/FMLA leave from April 13, 2020 to June 15, 2020.

25.     Within that period of protected FMLA leave, Kubat and Barto determined to terminate Plaintiff's employment.

26.     However, on May 18, 2020, during Plaintiff's medical leave of absence, Plaintiff was informed by Kubat, acting on the direction or with the acquiescence of Barto,  by phone that her employment with HNL was being terminated "effective immediately."

27.     Kubat's stated reason for termination was that Plaintiff was "holding other employment" during her leave.

28.     This stated reason is false and manufactured.

29.     By letter of May 18, 2021, Kubat reiterated the decision that reach in conjunction with Barto, that Plaintiff was being terminated for "holding other employment during a leave of absence."

---

[3] Plaintiff refrains from identifying the disabling medical condition because of medical privacy concerns, and in any event is not required to do so to state a claim under the ADA.  See e.g.  "*Balliet v. Scott's Auto Serv., Inc*., Civil Action No. 11-cv-05394, at *12 (E.D. Pa. Mar. 29, 2013); *Matthews v. Pa. Dep't of Corr*., 613 F. App'x 163, 167 (3rd Cir. 2015) ("What matters is not the name or diagnosis of the impairment but 'the effect of the impairment on the life of the individual").

30.     At no time did Plaintiff hold any other employment while she was on leave of absence.

31.     Despite close to six years of loyal service, Plaintiff was terminated as a direct result of Defendant's discriminatory animus.

32.     At no time did Kubat, Barto or anyone acting on behalf of HNL conduct any investigation to determine whether their allegations against Plaintiff were true.

33.     Furthermore, to the extent that HNL maintains a policy that would prevent an employee from engaging in gainful activity during FMLA leave, such a policy is void under the FMLA and against public policy as expressed in the FMLA and/or ADA and/or PHRA.

34.     Specifically, Plaintiff was discriminated against and retaliated against based on her disabilities in violation of the ADA and PHRA.

35.     Furthermore, despite Defendants' recognition that Plaintiff was entitled to a period of FMLA because of her serious medical condition, Defendants interfered with that right by terminating her employment without just cause.

36. Plaintiff has suffered severe emotional distress, loss of back pay, front pay, and compensatory damages, as well as incurred attorney's fees and costs.

37.     HNL was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

38.     As a direct result of the actions of HNL's supervisory employees, Plaintiff was deprived of her employment with HNL.

39.     As a direct result of HNL's conduct, Plaintiff has been irrevocably damaged.

6

40.     As a direct result of HNL 's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

41.     As a direct result of HNL's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

## COUNT  I
## PLAINTIFF v. HNL
## VIOLATION OF THE ADA

42. Paragraphs 1 through 41 inclusive, are incorporated by reference as if fully set forth at length herein.

43. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to denying of a reasonable accommodation for her disabling condition, failing to engage in an interactive process with regard to a reasonable accommodation, and terminating her employment because of her disability and to avoid its obligation to provide a reasonable accommodation.

44. As a direct result of Defendants' willful and unlawful actions in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT  II
## PLAINTIFF v. HNL
## VIOLATION OF THE ADA - RETALIATION

45.     Paragraphs 1 through 44 inclusive, are incorporated by reference as if fully set forth at length herein.

46. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to terminating her employment in retaliation for making requests for reasonable accommodation and for utilizing leave as a reasonable accommodation.

47. As a direct result of Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT  III**
**PLAINTIFF v. ALL DEFENDANTS**
**VIOLATION OF THE FMLA – INTERFERENCE,**
**RETALIATION/DISCRIMINATION**

48. Paragraphs 1 through 47 inclusive, are incorporated by reference as if fully set forth at length herein.

49. The termination of Plaintiff's employment during protected Family and Medical Leave without just cause constitutes interference under the FMLA.

50. In addition, Defendants are liable because they terminated her employment in retaliation for making requests for and for utilizing protected FMLA leave.

51. As a direct result of Defendants' willful and unlawful actions set forth herein, Plaintiff has sustained loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**V.  PRAYER FOR RELIEF**

52. Paragraphs 1 through 51 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

    a.  Exercise jurisdiction over her claims;

    b.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

    c.  Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from HNL's discriminatory and unlawful conduct;

    d.  Reinstate Plaintiff to her former position together with back pay and compensatory damages;

    e.  Award punitive and/or liquidated damages as may be permitted under law;

    f.  Award Plaintiff attorneys' fees and costs; and

    g.  Grant such other relief, as the Court deems just and equitable.

## VI.  <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.


By:/s/  *David L. Deratzian*
      DAVID L. DERATZIAN, ESQUIRE
      20 East Broad Street
      Bethlehem, PA  18018
      (610) 865-2608
      Attorneys for Plaintiff

Date:  May 12, 2021