IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA KLEMKA,                    :
                                  :
              Plaintiff,          :        CIVIL ACTION NO. 21-2167
                                  :
       v.                         :
                                  :
HEALTH NETWORK LABORATORIES       :
L.P., t/a HNL LAB MEDICINE,       :
                                  :
              Defendant.          :

## <u>**MEMORANDUM OPINION**</u>

Smith, J.                                                May 23, 2023

 The paramount issue before the court is whether an employer can defend itself from liability for interfering with an employee's right to take leave under the FMLA by asserting that it reasonably, honestly, and in good faith believed that said employee was violating the employer's leave policy by holding outside employment during the period of leave. In other words, is the affirmative defense of honest belief available in an FMLA *interference* case, which does not involve discrimination, as it is in an FMLA *retaliation* case, which does involve discrimination?

 The plaintiff in this case worked as a medical laboratory technician for the defendant. At the start of the COVID-19 pandemic, the plaintiff received authorization to take FMLA leave out of a concern that the virus could exacerbate her permanent heart condition. While on leave, the plaintiff assisted her husband with his meal preparation company, which a local news station ended up showcasing in a segment. Upon seeing the news story, the defendant determined that the plaintiff had violated company policy by holding employment during her FMLA leave. Accordingly, the defendant terminated the plaintiff's employment mid-leave. The plaintiff subsequently sued the defendant for interfering with her rights under the FMLA.

Prior to trial, the court permitted the defendant to assert as an affirmative defense that it reasonably, honestly, and in good faith believed that the plaintiff had been employed by her husband's company while on FMLA leave. Moreover, while charging the jury, the court informed it that if it found that the plaintiff had been entitled to FMLA leave, it must also necessarily find that the defendant had interfered with the plaintiff's leave, given that the defendant had undoubtedly terminated the plaintiff during her leave.

At the end of a three-day trial, the jury found that the plaintiff had been entitled to FMLA leave and that the defendant had interfered with said leave. The jury also found that the defendant had not proven that the plaintiff had actually held employment while on leave. Nevertheless, the jury found that the defendant *had* proven that it reasonably, honestly, and in good faith believed that the plaintiff had held employment. Thus, based on this affirmative defense, the jury found in favor of the defendant and this court entered a corresponding judgment for the defendant.

Both parties have now filed post-trial motions. The plaintiff's motion asks for (1) renewed judgment as a matter of law under Federal Rule of Civil Procedure 50(b), (2) an alteration or amendment to the judgment under Federal Rule of Civil Procedure Rule 59(e), and/or (3) a new trial under Rule 59(a). The plaintiff's primary argument in her motion is that the court erred in allowing the defendant to assert honest belief as an affirmative defense. Meanwhile, the defendant's motion asks for (1) renewed judgment as a matter of law under Rule 50(b) and/or (2) a new trial under Rule 59(a). The defendant predicates its motion on both the sufficiency of the evidence and the soundness of the court's decision to instruct the jury to find interference if it found FMLA entitlement. Both parties have responded to each other's respective motions, rendering them ripe for adjudication.

Ultimately, the court must grant in part the plaintiff's motion, as the court's previous holding that the defendant could assert honest belief as a defense against an FMLA interference claim was in error. Indeed, upon reexamining the plain language of the FMLA's enforcement section, the court concludes that Congress intended for such a defense to only protect employers from liability for liquidated damages, rather than all possible damages for unlawful interference under the FMLA. Accordingly, the court will vacate the judgment entered for the defendant and strike from the court's consideration the jury's finding regarding the defendant's reasonable, honest, good faith belief insofar as said finding pertains to all possible damages other than liquidated damages. The court will, however, continue to take said finding under advisement regarding liquidated damages. The court will also order a new trial on the limited issue of damages. That being said, the court will deny the plaintiff's motion for renewed judgment as a matter of law because Rule 50(b) motions must not concern pure questions of law, e.g., whether the honest belief defense should apply to interference claims.

At the same time, the court must deny the defendant's motion in its entirety. For one, the jury had more than sufficient evidence before it to find that the plaintiff suffered from a serious health condition that entitled her to FMLA leave. Furthermore, the court did not err in its instruction as it pertained to the jury's finding of interference because when an employee is entitled to FMLA leave, provides proper notice to take said leave, and is terminated while on said leave, interference has by definition occurred. Thus, the court's instruction to the jury was legally sound.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

On May 12, 2021, the plaintiff, Andrea Klemka ("Klemka"), initiated this action against HNL Lab Medicine a/k/a and f/k/a Health Network Laboratories L.P. ("HNL"), Health Network Laboratories L.L.C. (also "HNL"), Joshua Kubat ("Kubat"), and Julia Barto ("Barto"). *See* Doc. No. 1. The complaint contained three counts brought under the Americans with Disabilities Act

("ADA") and the Family and Medical Leave Act ("FMLA"): (1) violation of the ADA, (2) violation of the ADA—retaliation, and (3) violation of the FMLA—interference, retaliation/discrimination.[1] *See* Compl. at ¶¶ 42–51, Doc. No. 1. The defendants responded to the complaint with a motion to dismiss for failure to state a claim. *See* Doc. No. 5. In response, Klemka filed an amended complaint, in which all defendants and counts remained the same. *See* Doc. No. 6. The defendants again filed a motion to dismiss, *see* Doc. No. 8, which the court denied on September 10, 2021. *See* Doc. No. 11.

Following four months' discovery, the defendants filed a motion for summary judgment on all claims raised in the amended complaint. *See* Doc. No. 20. At the same time, Klemka filed a motion for partial summary judgment on her FMLA interference claim and a permanent injunction against the application of certain HNL human resource policies. *See* Doc. No. 21. The factual record developed in support of these respective motions indicated the following[2]:

Klemka worked for HNL—a medical laboratory—as a laboratory technician for six years, starting in 2014. In April 2020, at the beginning of the COVID-19 pandemic, Klemka requested a leave of absence under the FMLA, citing her heart issues as increasing her risk of adverse outcomes from a COVID-19 infection.[3] HNL ultimately granted Klemka a leave of absence from mid-April to mid-June. During her leave, Klemka began helping her husband, Dean Giannakis ("Giannakis"), with his meal preparation company, which Giannakis would display on social media posts. Eventually, Klemka and Giannakis appeared on a local news segment to discuss the meal prep company, during which a reporter referred to the two as "business partners." Hearing of

---

[1] Counts I and II were brought only against HNL, whereas Count III was brought against all defendants. *See* Compl. at ¶¶ 42–51.

[2] The parties each submitted detailed statements of undisputed facts and responses. *See* Doc. Nos. 20-9, 21-1, 26-1, 27-1.

[3] Under the FMLA, eligible employees are entitled to take 12 weeks of leave during any 12-month period for, among other reasons, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

this segment, Kubat and Barto investigated whether Klemka had violated an HNL company policy that prohibited outside employment during a leave of absence. Upon concluding that Klemka violated this policy, HNL terminated her employment.

A crucial component of both parties' motions was a disagreement over whether an employer can defeat an FMLA interference claim by asserting that it reasonably, honestly, and in good faith believed that a plaintiff misused or failed to use FMLA leave for its intended purpose (the "honest belief defense"). Citing two nonprecedential opinions by the Third Circuit Court of Appeals, the defendants argued that such a belief was a proper defense. *See* Defs.' Br. in Supp. of Their Mot. for Summ. J. at 25–29, Doc. No. 20-8 (citing *Warwas v. City of Plainfield*, 489 F. App'x 585 (3d Cir. 2012); *Parker v. Verizon Pa., Inc.*, 309 F. App'x 551 (3d Cir. 2009)). Accordingly, because the defendants purportedly had grounds to reasonably believe that Klemka was employed by Giannakis's company, they maintained that the court should enter judgment in their favor on her interference claim. *See id.* at 30. On the other hand, Klemka argued that the honest belief defense is only viable in an FMLA retaliation case, not an interference case, because an employer does not carry any burden of proof in the former. *See* Pl.'s Mot. for Partial Summ. J. and for Permanent Inj. at 11–13, Doc. No. 21-2. Ultimately, this court entered an order denying the cross-motions for summary judgment. *See* Doc. No. 36. The case then proceeded to a jury trial.

The trial commenced on October 11, 2022, at which time HNL remained the sole defendant and interference remained Klemka's sole claim.[4] Before opening statements, the court held that HNL could assert the honest belief defense against Klemka's FMLA interference claim. In doing

---

[4] Prior to the court's order denying summary judgment, the parties stipulated to the dismissal of Counts I and II of the amended complaint, as well as the retaliation and discrimination claims contained in Count III. *See* Doc. No. 25. Moreover, at jury selection, Klemka agreed to dismiss Kubat and Barto as defendants and leave HNL as the sole remaining defendant. Consequently, Klemka's sole remaining cause of action heading into trial was FMLA interference against HNL.

so, the court expressed some hesitancy, noting that the plain meaning of the FMLA's statutory text did not appear to support the existence of such a defense. *See* 29 U.S.C. § 2617(a)(1) (overviewing liability for FMLA interference). Nevertheless, because the Third Circuit had issued two nonprecedential opinions permitting the defense in an FMLA interference case,[5] both of which it then cited in a footnote of a precedential opinion, *see Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 150 n.2 (3d Cir. 2017) (citing *Warwas*, 489 F. App'x at 588; *Parker*, 309 F. App'x at 562–63), the court concluded that HNL could raise the defense. Thus, to defeat Klemka's FMLA interference claim at trial, HNL needed only to prove by a preponderance of the evidence that it reasonably, honestly, and in good faith believed that Klemka had been employed by Giannakis, as opposed to having to prove actual employment (though actual employment could still provide a defense).

Following two and a half days of trial, the jury was presented with the following six questions:

1. Has . . . Klemka, proven, by a preponderance of the evidence, that she was entitled to FMLA leave?

2. Has [Klemka] proven, by a preponderance of the evidence, that . . . HNL . . . , interfered with her leave?

3. Has [HNL] proven, by a preponderance of the evidence, that . . . Klemka violated its policy by "holding employment" while she was on FMLA leave?

4. Has [HNL] proven, by a preponderance of the evidence, that it had a reasonable, honest, good faith belief that . . . Klemka violated its policy by "holding employment" while she was on FMLA leave?

5. Has [Klemka] proven, by a preponderance of the evidence, that she suffered damages?

6. State the amount of damages sustained by [Klemka] in the following category that were caused by [HNL].

---

[5] While district courts are not bound by nonprecedential opinions, such opinions still act as "persuasive authorities." *James v. N.J. State Police*, 957 F.3d 165, 170 (3d Cir. 2020).

Verdict Slip at 1–2, Doc. No. 78. Before the jury left for deliberation, the court stated that the jury would almost certainly have to answer "Yes" to Question 2 should it answer "Yes" to Question 1, because an employer that fires an entitled employee during FMLA leave has by definition interfered with said employee's leave.[6] Counsel for the defendant raised concerns about this statement to the court, but the court decided to proceed with the instructions as stated.

Upon deliberation, the jury only reached the first four questions and ultimately found for HNL. First, the jury answered "Yes" to whether Klemka had been entitled to FMLA leave. *See* Verdict Slip at 1. Second, the jury answered "Yes" to whether HNL had interfered with her leave. *See id.* Third, the jury answered "No" to whether HNL proved that Klemka has actually held employment while on her leave. *See id.* Finally, the jury answered "Yes" to whether HNL proved that it had a reasonable, honest, good faith belief that Mr. Klemka had held employment while on her leave. *See id.* at 2. Because the jury found that the defendant had successfully proven its honest belief defense, the jury did not move onto the final two questions regarding damages. The court subsequently entered judgment for HNL. *See* Doc. No. 79.

Following trial, both parties have filed post-trial motions.[7] *See* Doc. Nos. 82, 84. Specifically, Klemka moves for renewed judgment as a matter of law because, as she has previously argued, the honest belief defense is inapplicable in FMLA interference cases. *See* Pl.'s

---

[6] Per the Third Circuit's model instructions for claims under the FMLA, a plaintiff can demonstrate interference upon showing (1) they suffered from a condition, (2) the condition qualified as a "serious health condition," (3) they gave appropriate notice, and (4) the defendant terminated their employment while on leave. *See* 3d Cir. Model Jury Instructions § 10.1.1. Upon answering "Yes" to Question 1 of the verdict slip in this case—whether Klemka had been entitled to FMLA leave—the jury would have essentially affirmed that Klemka had met the first three elements of interference. Accordingly, because HNL indisputably terminated Klemka's employment while she was on FMLA leave, thus satisfying the fourth element of interference as instructed, the court could not conceive of any scenario in which a reasonable jury could answer "Yes" to Question 1 but "No" to Question 2. Certainly, HNL could raise affirmative defenses to justify the interference, but that would not negate the finding of interference.

[7] Both parties moved for judgment as a matter of law during trial, thus preserving their right to move for renewed judgment as a matter of law after trial. *See* Fed. R. Civ. P. 50(b).

Mem. in Supp. of Her Renewed Mot. for J. as a Matter of Law Under Rule 50(b), to Alter or Amended J. Under Rule 59(e) and/or for a New Trial Under Rule 59(a) ("Pl's Mem.") at 7–14, Doc. No. 82-1. Thus, because Klemka argues that the weight of the evidence clearly shows that she did not hold employment during her leave, meaning HNL had no proper grounds for terminating her, she asserts that she is entitled to judgment in her favor. Alternatively, Klemka moves for the court to either (1) alter or amend the judgment in light of the jury's answers to Questions 1 through 3, or (2) order a new trial limited to the issue of damages. *See id.* at 14–17.

Meanwhile, HNL moves for renewed judgment as a matter of law because it asserts that the weight of the evidence failed to support Klemka's claims that she suffered from a serious health condition and, in turn, that HNL interfered with leave to which she was entitled. *See* Def.'s Br. in Supp. of Its Renewed Mot. for J. as a Matter of Law Under Rule 50(b), and/or for a New Trial Under Rule 59(a) ("Def.'s Br.") at 6–14, Doc. No. 84-1. Alternatively, HNL moves for a new trial, for two reasons. First, it reasserts that the evidence overwhelmingly supports its argument that Klemka did not have a serious health condition entitling her to FMLA leave. *See id.* at 14–15. Second, it maintains that the court's instruction for the jury to answer "Yes" to Question 2 if it answered "Yes" to Question 1 was clear legal error that prejudiced it. *See id.* at 15–16.

Both parties have filed responses to these respective motions, *see* Doc. Nos. 83, 88, and the court held oral arguments on the motions on December 7, 2022. The motions are therefore ripe for adjudication.

## II.    DISCUSSION

### A.    Renewed Motion for Judgment as a Matter of Law

On the renewed motion of a party, Rule 50(b) allows the trial court to enter judgment as a matter of law at the conclusion of a jury trial notwithstanding a jury verdict for the opposing party,

but "only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief."[8] *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001) (quoting *Powell v. J.T. Posey Co.*, 766 F.2d 131, 133–34 (3d Cir. 1985)). This is a "sparingly invoked remedy." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (citation and internal quotation marks omitted).

A court may grant judgment as a matter of law "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "The court may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury," but rather may grant a Rule 50 motion only "if upon review of the record[] it can be said as a matter of law that the verdict is not supported by legally sufficient evidence." *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 691–92 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003); *see also LePage's Inc. v. 3M*, 324 F.3d 141, 146 (3d Cir. 2003) ("[R]eview of a jury's verdict is limited to determining whether some evidence in the record supports the jury's verdict."). For this reason,

---

[8] Rule 50(b) reads as follows:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

"[n]ormally, when the evidence is contradictory, [judgment as a matter of law] is inappropriate." *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802, 811 (3d Cir. 1984).

Here, the court must deny both parties' motions for renewed judgment as a matter of law. Beginning with Klemka, her entire argument for renewed judgment revolves around whether the court should have permitted the honest belief defense. *See* Pl.'s Mem. at 7–14. That is a pure question of law, not a challenge to the sufficiency of the evidence. "[Rule 50] is not concerned with 'pure' questions of law that are detached from the evidence, not within the domain of the jury, and only ever properly ruled upon by the judge." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 161 (4th Cir. 2012). The court hence cannot grant Klemka judgment as a matter of law on the basis she has asserted.

The court must also deny HNL's motion for renewed judgment. For one, there was sufficient evidence at trial to support the jury's conclusion the Klemka suffered from a serious health condition that incapacitated her from performing her job. For instance, a reasonable jury could have arrived at this conclusion upon hearing the testimony of Dr. Gisele Vargas, who had recommended that Klemka take leave at the beginning of the COVID-19 pandemic in light of her congenital aortic stenosis.[9] Likewise, the record sufficiently supported the jury's decision to find

---

[9] This conclusion does not run counter to the FMLA, as the defendant asserts. *See* Def.'s Br. at 7–11. Under the FMLA, an eligible employee may take leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the employee's job." 29 C.F.R. § 825.112(a)(4). "Serious health condition" is defined to include "continuing treatment by a health care provider as defined in § 825.115." *Id.* § 825.113(a). According to section 825.115, a serious health condition can be a permanent or long-term condition that creates "[a] period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective. The employee . . . must be under the continuing supervision of, but need not be receiving active treatment by, a health care provider." *Id.* § 825.115(d). Here, Klemka has a permanent condition because she receives continuing supervision from doctors due to her congenital aortic stenosis. At the beginning of the COVID-19 pandemic, when society's understanding of the virus was limited, Dr. Vargas concluded that it would be unsafe for Klemka to go to her workplace in light of her permanent condition. This could surely qualify as an "incapacity" under the FMLA, as Klemka was unable to go to work without, to her knowledge, being subject to major health threats. *See id.* § 825.113(b) ("The term incapacity means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom."). At the very least, this court could find no case law suggesting otherwise. Accordingly, it seems perfectly sound to conclude that Klemka was entitled to leave under the FMLA.

that HNL interfered with Klemka's FMLA leave. Indeed, given both that the jury had already found that Klemka had a serious health condition and that there was no dispute over whether she gave appropriate notice, the jury needed only to find that HNL met one of the many factors that can give rise to interference, including "terminating employment," to conclude that interference occurred. *See* 3d Cir. Model Jury Instructions § 10.1.1. Here, HNL indisputably terminated Klemka while she was taking FMLA leave. And while HNL contends that it had a legitimate reason to terminate her, *see* Def.'s Br. at 11–14, that argument is irrelevant to an initial finding of interference. Instead, it goes to the bases of HNL's affirmative defenses.

### B.    Altered or Amended Judgment

As discussed above, the court permitted HNL to raise the honest belief defense against Klemka's FMLA interference claim. Upon further consideration of the FMLA's statutory text, the court concludes today that allowing this defense at trial was clear error of law, at least when it came to liability for damages under the FMLA other than liquidated damages. The court will therefore grant Klemka's motion to alter or amendment judgment under Rule 59(e). The court shall vacate the judgment entered in HNL's favor pending a trial on damages. *See infra* p. 20. Moreover, Question 4 of the verdict slip shall be stricken from the court's consideration insofar as it applies to HNL's liability for non-liquidated damages. At the same time, the jury's answer to Question 4 shall advise the court on Klemka's entitlement to any liquidated damages as defined within the FMLA.

### 1.    Standard of Review

"A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *see*

*also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error." (citation and internal quotation marks omitted)). A movant has a "heavy burden" in seeking relief under Rule 59(e). *Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. 16-1343, 2017 WL 2840352, at *5 (E.D. Pa. June 30, 2017). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## 2.      Honest Belief Defense Analysis

The Third Circuit has yet to issue a precedential opinion determining whether defendants should be permitted to assert an honest belief defense in an FMLA interference case. Nevertheless, it has written two *nonprecedential* opinions in which it allowed the defense to defeat FMLA interference claims. *See Warwas*, 489 F. App'x at 588; *Parker*, 309 F. App'x at 562–63. These two opinions were subsequently cited in the footnote of a precedential Third Circuit opinion dealing with an FMLA retaliation claim. *See Capps*, 847 F.3d at 150 n.2. As noted earlier, these opinions formed the basis of the court's decision to permit HNL to use the defense. The court, however, has now determined that, when it comes to this case, these opinions should not act as persuasive authority.

To be sure, the honest belief defense is an acceptable defense in FMLA retaliation cases. *See, e.g.*, *Vanhook v. Cooper Health Sys.*, No. 21-2213, 2022 WL 990220, at *2–3 (3d Cir. Mar. 31, 2022) ("Even assuming that [plaintiff] established a prima facie case, [defendant] articulated a legitimate, nondiscriminatory reason for firing her: its belief that [plaintiff] abused her FMLA leave."). This is because "FMLA retaliation claim[s] [are] assessed under the burden-shifting

framework established in *McDonnell Douglas Corp. v. Green*."[10] *Capps*, 847 F.3d at 151 (citing 411 U.S. 792 (1973)). Yet, when it comes to FMLA *interference* cases, because "[a]n interference action is not about discrimination, . . . a *McDonnell–Douglas* burden-shifting analysis is not required." *Sommer v. The Vanguard Grp.*, 461 F.3d 397, 399 (2006) (citation and internal quotation marks omitted). Accordingly, any basis for the application of the honest belief defense in an FMLA interference case must be found outside the *McDonnell Douglas* framework.

What, then, justifies its application in a case such as this one? For some courts, the answer lies within the FMLA's regulatory text. In *Kariotis v. Navistar International Transportation Corp.*, for example, the Seventh Circuit Court of Appeals found that requiring proof of actual misuse of FMLA leave to defend against a finding of FMLA interference would run counter to a regulatory provision limiting employees' rights to reinstatement under the FMLA:

> Kariotis is correct to say that under the FMLA an employee on leave from work "for the intended purpose of the leave" must be restored to her position (or an equivalent position) once the leave expires. The problem for Kariotis is that Navistar has demonstrated that it honestly believed she was not . . . using her leave for its "intended purpose" of recovering from knee surgery.

> Unlike Kariotis' COBRA claim, Navistar need not conclusively prove that Kariotis had misused her leave; an honest suspicion will do. This is because the FMLA's regulations plainly state that an employee like Kariotis has "no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." In other words, *because Navistar lawfully could have terminated Kariotis after suspecting she committed fraud while on duty, the company can discharge her after suspecting she committed fraud while on leave.* If Navistar had to prove more than an honest suspicion simply because Kariotis was on leave, she would be better off (and enjoy "greater rights") than similarly situated employees (suspected of fraud) who are not on leave. The statute and the regulations rule out that inequity.

---

[10] Under the *McDonnell Douglas* framework,

> a plaintiff must first establish a prima facie case of discrimination. If the plaintiff succeeds, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. The burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for discrimination.

*Capps*, 847 F.3d at 152 (quoting *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014)).

131 F.3d 672, 680–81 (7th Cir. 1997) (emphasis added) (citations omitted) (quoting 29 C.F.R. §

825.216(a)). The *Kariotis* court was seemingly the first to permit the honest belief defense in an

FMLA interference case, and other courts have since adopted its reasoning. *See, e.g.*, *Medley v.

Polk Co.*, 260 F.3d 1202, 1207–08 (10th Cir. 2001); *LeBoeuf v. New York Univ. Med. Ctr.*, No. 98

CIV. 973, 2000 WL 1863762, at *3 (S.D.N.Y. Dec. 20, 2000). Indeed, the Third Circuit cites to

the Seventh Circuit's approach as its primary support for allowing the defense in the two

aforementioned nonprecedential opinions of *Warwas* and *Parker*. *See Warwas*, 489 F. App'x at

588 (citing *Crouch v. Whirlpool Corp.*, 447 F.3d 984, 986 (7th Cir. 2006)); *Parker*, 309 F. App'x

at 563 (quoting another nonprecedential Third Circuit opinion that cites *Kariotis* and *Crouch*). In

said opinions, however, the Third Circuit provides little analysis of the underlying reasoning

behind the Seventh Circuit's approach.

This court must therefore conduct its own analysis of the FMLA to ascertain whether

honest belief truly is a viable defense against an interference claim. To begin, the court looks not

to the FMLA's regulatory text, but rather its statutory text. *See Free Speech Coal., Inc. v. Att'y

Gen. of U.S.*, 677 F.3d 519, 539 (3d Cir. 2012) ("It is axiomatic that regulations cannot supersede

a federal statute."). In interpreting the FMLA, the court must "seek 'to give effect to Congress's

intent,'" *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 878 (3d Cir. 2022) (quoting *United States

v. Tyson*, 947 F.3d 139, 144 (3d Cir. 2020)), namely whether Congress intended for employers to

be able to assert the honest belief defense to escape liability in an FMLA interference case. To do

so, the court must first look to the statute's plain language, as the court "presume[s] that

Congress'[s] intent is most clearly expressed in the text of the statute." *Id.* (citation and internal

quotation marks omitted). It is only when a statute's language is not plain that the court "look[s]

beyond the statutory text to ascertain Congress's intent, 'consider[ing] [the] statutory language in

14

the larger context or structure of the statute in which it is found' and its 'legislative history as an

aid or cross-check.'" *Id.* (second and third alterations in original) (quoting *United States ex rel.*

*Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 95 (3d Cir. 2018)).

Upon reviewing the FMLA's text, there is only one mention of the honest belief defense,

specifically in the liability subsection of its enforcement section:

> Any employer who violates section 2615 of this title shall be liable to any eligible
> employee affected--
>   **(A)** for damages equal to--
>     **(i)** the amount of--
>       **(I)** any wages, salary, employment benefits, or other compensation denied
>       or lost to such employee by reason of the violation; or
>       **(II)** in a case in which wages, salary, employment benefits, or other
>       compensation have not been denied or lost to the employee, any actual
>       monetary losses sustained by the employee as a direct result of the
>       violation, such as the cost of providing care, up to a sum equal to 12 weeks
>       (or 26 weeks, in a case involving leave under section 2612(a)(3) of this
>       title) of wages or salary for the employee;
>     **(ii)** the interest on the amount described in clause (i) calculated at the
>     prevailing rate; and
>     **(iii)** an additional amount as liquidated damages equal to the sum of the
>     amount described in clause (i) and the interest described in clause (ii), except
>     that if an employer who has violated section 2615 of this title proves to the
>     satisfaction of the court that the act or omission which violated section 2615
>     of this title *was in good faith and that the employer had reasonable grounds*
>     *for believing that the act or omission was not a violation of section 2615 of*
>     *this title*, such court may, in the discretion of the court, reduce the amount of
>     the liability to the amount and interest determined under clauses (i) and (ii),
>     respectively; and
>   **(B)** for such equitable relief as may be appropriate, including employment,
>   reinstatement, and promotion.

29 U.S.C. § 2617(a)(1) (emphasis added). This subsection lays out all possible relief to which a

plaintiff may be entitled should a defendant "violate[] section 2615," i.e., interfere with the

plaintiff's rights under the FMLA. *See* 29 U.S.C. § 2615. Notably, while the subsection does

explicitly permit employers to assert as a defense that they reasonably, honestly, and good faith

believed that their actions did not interfere with an employee's FMLA rights—e.g., because they

thought that said employee was not entitled to said rights—this defense is only mentioned in the provision discussing liquidated damages. *See* 29 U.S.C. § 2617(a)(1)(A)(iii). In other words, the FMLA only states that the honest belief defense can be used to reduce liability for liquidated damages. The other two damages provisions pertaining to wages, salary, employment benefits, other related monetary losses, and interest make no such mention of the defense. *See* 29 U.S.C. § 2617(a)(1)(A)(i)–(ii).

The plain language of these provisions directs the court to conclude that, when it comes to FMLA interference claims, the honest belief defense is not a proper defense against liability for any damages beyond liquidated damages. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (alteration in original) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). "This presumption applies with even greater force . . . where Congress used particular language in one provision and not in another provision of the same subsection of the same statute." *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2021). Here, Congress expressly included particular language about the honest belief defense in the above-quoted liquidated damages provision but not in the corresponding damages provisions within the same liability subsection. *See* 29 U.S.C. § 2617(a)(1)(A). Thus, the court interprets Congress's exclusion of the honest belief language from the non-liquidated damages provisions of section 2617(a)(1)(A) to have been intentional and purposeful. In turn, the court finds that HNL cannot assert its reasonable, honest, good faith belief that Klemka violated its company policy as an

affirmative defense against her FMLA interference claim, apart from avoiding liability for liquidated damages.[11]

On a final note, while, as the court has previously noted, the Third Circuit cited *Warwas* and *Parker* in a precedential opinion, *see Capps*, 847 F.3d at 150 n.2, the court does not interpret this opinion to have converted *Warwas* and *Parker* into binding precedent. For one, the two nonprecedential opinions were cited in dictum within a footnote; the Third Circuit was merely acknowledging that the district court had relied on the opinions in applying the honest belief defense to the case before it. *See id.* Furthermore, said district court cited *Warwas* and *Parker* in its analysis of an FMLA *retaliation* claim, not an interference claim. *See id.* at 150; *Capps v. Mondelez Glob. LLC*, 147 F. Supp. 3d 327, 336–40 (E.D. Pa. 2015). In fact, the district court entered judgment in favor of the defendant on the plaintiff's interference claim not because of any honest belief defense, but simply because the plaintiff had been terminated after he had already taken his full FMLA leave. *See Capps*, 147 F. Supp. 3d at 335. Consequently, the court finds that, despite being cited in a precedential opinion, *Warwas* and *Parker* themselves remain nonprecedential and, in this case, unpersuasive.

### 3.     Remedy

Based on these findings, the court concludes that there is a "need to correct clear error of law," *Lazaridis*, 591 F.3d at 669, namely the entry of judgment in favor of HNL based on its honest belief defense. The court does not reach this decision lightly. Judgments should indeed remain undisturbed except under extraordinary circumstances that if left unaddressed would undermine

---

[11] Employers can still, of course, defend against FMLA interference claims by proving either that they had a non-FMLA-related reason to terminate the plaintiff or that the plaintiff had not actually been entitled to FMLA leave. *See* 29 U.S.C. § 2614(a)(3)(B) ("Nothing in this section shall be construed to entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave."); *id.* § 2615(a) (prohibiting interference of FMLA leave only against employees who actually had right to said leave).

justice. Such circumstances exist here. The court erred in allowing HNL to use honest belief to defend against all liability for interfering with Klemka's FMLA leave. Accordingly, the court will grant Klemka's motion to alter or amend judgment under Rule 59(e).

Specifically, the court will vacate the judgment entered in HNL's favor. The court will simultaneously strike any consideration of the jury's answer to Question 4 of the verdict slip as it applies to liability for damages under sections 2617(a)(1)(A)(i) and 2617(a)(1)(A)(ii). The court will, nevertheless, take the answer into consideration insofar as it may advise the court to reduce any liquidated damages to which Klemka may have otherwise been entitled. *See* 29 U.S.C. § 2617(a)(1)(A)(iii). Finally, the court will refrain from entering judgment in Klemka's favor until the court has held a new trial limited to the issue of damages, as discussed below. *See infra* p. 20.

### C.   <u>New Trial</u>

Both parties have moved for a new trial under Rule 59(a). HNL moves for a new trial for two reasons. First, HNL again contends that the weight of the evidence failed to prove that Klemka was entitled to FMLA leave. *See* Def.'s Br. at 14–15. Second, HNL asserts that the court usurped the jury's prerogative by saying that they would likely need to answer "Yes" to Question 2 if they answered "Yes" to Question 1. *See id.* at 15–16. Meanwhile, Klemka asks for a new trial limited to the issue of damages in tandem with her motion to alter or amend judgment. *See* Pl.'s Mem. at 15–17. Given the court's decision to vacate judgment, *see supra*, the court ultimately finds it necessary to hold a trial on damages. At the same time, the court does not agree with HNL that an entire new trial is needed.

### 1.   **Standard of Review**

Under Rule 59(a), a court "may . . . grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in

federal court." Fed. R. Civ. P. 59(a)(1)(A). Specifically, courts may grant a new trial when, *inter alia*,

> "(1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury."

*Cradle of Liberty Council, Inc. v. City of Philadelphia*, 851 F. Supp. 2d 936, 940 (E.D. Pa. 2012) (quoting *Sharrow v. Roy*, No. 08-cv-68, 2009 WL 3101031, at *1 (M.D. Pa. Sept. 23, 2009)). "The authority to grant a new trial resides in the exercise of sound discretion by the trial court." *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995). This discretion "is broad when the reason for interfering with the jury verdict is a ruling on a matter that initially rested within the discretion of the court." *Klein v. Hollings*, 992 F.2d 1285, 1289–90 (3d Cir. 1993). Conversely, the court has less discretion when it seeks to grant a new trial "because it believes the jury's decision is against the weight of the evidence." *Id.* at 1290.

### 2.      HNL's Motion

The court must deny HNL's motion for a new trial. For one, HNL's argument that the weight of the evidence did not support a finding of a serious health condition is simply a rehash of its motion for renewed judgment as a matter of law, which the court has rejected. *See supra* pp. 10–11. Furthermore, the court disagrees that its instructions regarding Question 2 tampered with the jury's prerogative in a manner that prejudiced HNL. As noted earlier, the Third Circuit's model instructions charge a jury to find interference under the FMLA upon finding that (1) the plaintiff suffered from a condition, (2) the condition qualified as a "serious health condition," (3) the plaintiff gave appropriate notice, and (4) the defendant terminated the plaintiff's employment while on leave.[12] *See* 3d Cir. Model Jury Instructions § 10.1.1. Upon answering "Yes" to Question

---

[12] These instructions are derived from the Third Circuit's test for interference, which requires a plaintiff to establish:

1, the jury in this case essentially found that Klemka had met the first three prongs (though prongs one and three were not even in dispute). Thus, the only determination left for the jury to find interference on Question 2 was whether HNL interfered with Klemka's leave by terminating her employment, which HNL undeniably did. Based on this logic, the court finds no error in its instruction. If anything, a "No" answer to Question 2 following a "Yes" answer to Question 1 would have been borderline unreasonable. The court therefore cannot grant HNL's motion for a new trial.

### 3.      Klemka's Motion

On the other hand, the court will grant Klemka's motion for a new trial limited to the issue of damages. The court's decision to vacate the judgment will ultimately leave HNL liable for damages under sections 2617(a)(1)(A)(i) and 2617(a)(1)(A)(ii) given the jury's answer to Question 3, namely that HNL did not prove that Klemka actually violated HNL company policy by holding employment while on leave. *See* Verdict Slip at 1. Because said decision is based on a finding of "significant error of law," *Cradle of Liberty Council, Inc.*, 851 F. Supp. 2d at 940 (quoting *Sharrow*, 2009 WL 3101031, at *1), the court finds it rational, if not necessary, to hold a trial to address Questions 5 and 6 of the verdict slip—whether Klemka suffered damages and, if so, to what extent. *See* Verdict Slip at 2. Accordingly, the court will exercise its Rule 59(a) power and grant a new trial on the issue of damages.

---

(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Ross*, 755 F.3d at 191–92 (quoting *Johnson v. Cmty. Coll. of Allegheny Cnty.*, 566 F. Supp. 2d 405, 446 (W.D. Pa. 2008)).

### III.    CONCLUSION

For the aforementioned reasons, the court will grant in part the plaintiff's motion for renewed judgment as a matter of law under Rule 50(b), to alter or amend judgment under Rule 59(e) and/or for a new trial under Rule 59(a). Specifically, the court will alter the judgment by vacating it and striking from consideration the jury's answer to Question 4 of the verdict slip as it applies to any damages under the FMLA other than liquidated damages. The court will also order a new trial on the limited issue of damages. The remainder of the plaintiff's motion is denied. The defendant's motion for renewed judgment as a matter of law under Rule 50(b) and/or for a new trial under Rule 59(a) is also denied.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.