IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA KLEMKA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-2167 |
| | : | |
| v. | : | |
| | : | |
| HEALTH NETWORK LABORATORIES L.P., t/a HNL LAB MEDICINE, | : | |
| | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this 23rd day of May, 2023, after considering the plaintiff's renewed motion for judgment as a matter of law under Rule 50(b), to alter or amended judgment under Rule 59(e), and/or for a new trial under Rule 59(a) (Doc. No. 82) and the defendant's response in opposition (Doc. No. 83); and after considering the defendant's renewed motion for judgment as a matter of law under Rule 50(b) and/or for a new trial under Rule 59(a) (Doc. No. 84) and the plaintiff's response in opposition (Doc. No. 88); and after hearing oral argument on the motions; and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The plaintiff's motion (Doc. No. 82) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** insofar as the court will vacate the judgment entered in favor of the defendant and grant a new trial limited to the issue of damages. The remainder of the motion is **DENIED**;

2. The defendant's motion (Doc. No. 84) is **DENIED**;

3. The court **VACATES** the judgment entered in favor of the defendant on October 14, 2022 (Doc. No. 79);

4. The court **STRIKES** from its consideration the jury's answer to Question 4 of the Verdict Slip (Doc. No. 78) insofar as it applies to any damages under the Family and Medical Leave Act ("FMLA") other than liquidated damages;[1]

5. The court **ORDERS** a new trial in this matter limited to the issue of damages;

6. The court **GRANTS** the parties permission to file an interlocutory appeal to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b);[2] and

7. The court will hold a telephone conference on **Thursday**, **May 25, 2023**, at **11:30 a.m.** to discuss how the parties wish to proceed in this matter. Counsel shall call 1-866-434-5269 and use access code 3623011# to enter the conference call

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The jury's answer to Question 4 will continue to advise the court on the plaintiff's entitlement to any liquidated damages under the FMLA.

[2] When an order is "not otherwise appealable," district judges have the power to permit an interlocutory appeal provided that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). Here, the court finds these criteria met. The question of whether the defendant should be able to use its reasonable, honest, good faith belief about the plaintiff's outside employment as an affirmative defense in an FMLA interference case is a question for which "there is substantial ground for difference of opinion." Moreover, the answer to the question materially affects the ultimate outcome of this matter. Accordingly, the court finds it proper to permit the parties to file an interlocutory appeal should they so choose. The parties must file any such appeal "within ten days after the entry of [this] order." *Id.*